**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION**

IN RE:

SOUTHERN COLD STORAGE, INC.,

    Debtor.                                                                  Case No. 03-07884-8-JRL
                                                                                             Chapter 7

**<u>ORDER</u>**

This case is before the court on the "Motion to Modify the Stipulations to Vacate Automatic Stay Entered August 24, 2004 and November 3, 2004" filed by Ace American Insurance Company ("Ace American"). On June 15, 2005, the court conducted a hearing on this matter in Wilmington, North Carolina.

On September 10, 2003, Progress Energy Carolinas, Inc., filed an involuntary Chapter 7 petition against the debtor. On August 24, 2004, this court entered a consent order that lifted the automatic stay, pursuant to 11 U.S.C. § 362, to allow ConAgra Refrigerated Foods ("ConAgra") to pursue claims against the debtor for failure to properly refrigerate frozen turkeys in a warehouse. Pursuant to the consent order, ConAgra may only recover against applicable insurance policies of the debtor and the proceeds thereof. Ace American issued the liability insurance policy at issue. On August 31, 2004, Ace American filed a declaratory action in the U.S. District Court for the Eastern District of North Carolina to determine the scope of insurance coverage. On October 13, 2004, ConAgra initiated a civil action against the debtor in Duplin County Superior Court. On November 3, 2004, this court entered another consent order that lifted the automatic stay to allow Circle S Foods, Inc. ("Circle S") to pursue comparable claims against the

1

debtor for spoilation of turkey products with recovery limited to insurance proceeds. On January 19, 2005, Circle S filed a civil action against the debtor in Duplin County Superior Court.

On March 9, 2005, the district court entered an order denying ConAgra's motion to dismiss the declaratory action brought by Ace American. In its order, the district court reasoned that "a determination, through this pending Declaratory Action, of whether and to what extent Ace American is contractually bound to defend and indemnify SCS in state court best would serve judicial economy, and would constitute a more productive use of client funds." The district court, however, did not enjoin the pending state court actions. Now, Ace American moves this court to modify the consent orders entered in August and November 2004 to stay the state court actions brought by Circle S and ConAgra until the declaratory action is resolved in district court. ConAgra and Circle S oppose the motion.

This court finds that Ace American does not have legal standing to seek the requested relief. By requesting the court to modify its consent orders to stay the state court proceedings, Ace American is essentially seeking protection of the automatic stay. "The purpose of the automatic stay, in addition to protecting the relative position of creditors, is to shield the debtor from financial pressure during the pendency of the bankruptcy proceeding." Winters v. George Mason Bank, 94 F.3d 130, 133 (4th Cir. 1996). Ace American is neither a creditor nor debtor in this case. Moreover, Ace American's interests are not aligned with the debtor, as Ace American opposes the duty to defend and indemnify the debtor under the liability policy. *See* Cardinal Casualty Co. v. Correct Mfg. Corp. (In re Correct Mfg. Corp.), 88 B.R. 158, 162 (Bankr. S.D. Ohio 1988) (liability insurer was not appropriate party to seek benefit of stay).

Moreover, this court finds that judicial economy is served by allowing the cases to proceed simultaneously in both venues. The declaratory action is not limited to isolated issues of law that can be

expeditiously resolved by a reading of the policy. In its complaint, Ace American requests a determination that there is an absence of coverage because the debtor violated the refrigeration endorsement of the policy by failing to maintain the refrigeration equipment either intentionally or through malfeasance greater than negligence, that the debtor failed to suffer accidental losses, that the losses were not fortuitous, and that the losses arose from a single occurrence. At the hearing, the attorneys for ConAgra commented on the large volume of discovery that Ace American seeks in the declaratory action and the length of time sought to accomplish it.  If the state actions are stayed until coverage is litigated, as much as two years may pass before the state court even begins to determine any underlying liability, delaying this court's ability to conclude the underlying bankruptcy case.   Although there is some inefficiency in parallel actions, it is Ace American that is largely responsible for this circumstance by its decision to litigate coverage prior to any determination of liability.

Based on the foregoing, the court denies Ace American's "Motion to Modify the Stipulations to Vacate the Automatic Stay Entered August 24, 2004 and November 3, 2004." In the event the Duplin County Superior Court or the United States District Court independently determine that a stay of the state court actions is necessary in light of the coverage issues, this ruling obviously binds no other judges. This court also respectfully notes that the declaratory action in the United States District Court appears to be a related matter within the scope of the automatic reference to the bankruptcy court under the district court's standing order.  This court seeks clarification as to whether the district court has withdrawn the automatic reference to the bankruptcy court or wishes to refer the declaratory action to the bankruptcy

3

court for treatment as an adversary proceeding.

**So Ordered.**

**Dated: June 22, 2005**

J. Rich Leonard
United States Bankruptcy Judge